**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                  *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEKARI BERRY,** | : | **Civil Action No.** |
| **1182 E Dorset Street** | : | |
| **Philadelphia, PA 19150** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **METRO PHILLY MANAGEMENT** | : | |
| **SOLUTIONS, LLC d/b/a THE FRESH** | : | |
| **GROCER OF LASALLE,** | : | |
| **5301 Chew Avenue** | : | |
| **Philadelphia, PA 19138** | : | |
| | : | |
| **5004 State Road** | : | |
| **Drexel Hill, PA 19026** | : | |
| **Defendant.** | : | |

## CIVIL ACTION

Plaintiff, DeKari Berry (hereinafter "Plaintiff"), by and through his attorney, Koller Law,

LLC, bring this civil matter against Metro Philly Management Solutions, LLC d/b/a the Fresh

Grocer of LaSalle (hereinafter "Defendant"), for violations of the Age Discrimination in

Employment Act ("ADEA"), the Pennsylvania Human Relations Act ("PHRA") and the

Philadelphia Fair Practices Ordinance ("PFPO"). In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Defendant Metro Philly Management Solutions, LLC d/b/a The Fresh Grocer of LaSalle is a grocery store with a location at 5301 Chew Avenue, Philadelphia, PA 19138 and with a corporate headquarters located at 5004 State Road, Drexel Hill, PA 19026.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States

2

and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under the ADEA, the PHRA and the PFPO.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on October 14, 2024, alleging age discrimination against Defendant.

14. The Charge was assigned a Charge Number 530-2025-00784 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. Plaintiff timely filed an Amended Charge, digitally signed on April 7, 2025, alleging age discrimination against Defendant.

16. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated February 2, 2026.

17. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

3

18. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter, as it relates to his federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to his PHRA claims.

19. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

20. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

21. Plaintiff was born in 1983.

22. On or about July 31, 2024, Defendant hired Plaintiff in the position of Deli Clerk.

23. Plaintiff was well qualified for his position and performed well.

## PLAINTIFF'S YOUNGER COWORKERS FREQUENTLY MADE DEROGATORY COMMENTS TO HIM ABOUT HIS AGE

24. By way of background, Plaintiff was one of the oldest employees at Defendant.

25. Specifically, in the Deli, the majority of Plaintiff's counterparts were in their 20's.

26. Throughout Plaintiff's employment with Defendant, Plaintiff's coworkers, including Kamaj Stone and Tyhiem Regans, frequently called Plaintiff "old", and other derogatory terms reflecting him being a relatively older employee.

## PLAINTIFF'S FRIEND PURCHASED A SANDWICH FOR PLAINTIFF AT DEFENDANT

27. On or about August 9, 2024, Plaintiff's friend came into Defendant.

28. Plaintiff's friend bought Plaintiff a sandwich from Defendant's Deli for Plaintiff to eat at work.

29. Plaintiff's friend paid for the sandwich for Plaintiff along with the rest of her groceries.

30. Plaintiff gave his friend a receipt for the sandwich.

4

31. Further, Plaintiff informed Laura Wildermuth, Deli Manager, that his friend was purchasing a sandwich for him to eat at work.

32. Wildermuth said this was fine and even made the sandwich for Plaintiff.

33. Plaintiff ate the sandwich at work.

### PLAINTIFF WAS ACCUSED OF STEALING THE SANDWICH

34. Later that day, Donna Heath, Supervisor/Manager, accused Plaintiff of stealing a sandwich.

35. Plaintiff denied this.

36. Plaintiff called his friend who confirmed what had happened.

37. Plaintiff's friend said her child threw out the receipt, but the entire situation was on the store's video footage that Defendant could review to confirm she paid for Plaintiff's sandwich.

### PLAINTIFF WAS UNABLE TO CLOCK IN FOR WORK DUE TO THE ACCUSATION OF STEALING THE SANDWICH

38. Nonetheless, when Plaintiff arrived at work the next day, on or about August 10, 2024, he was unable to clock in for work.

39. Another Deli Clerk approached Plaintiff and asked him if he was the one "everyone is talking about who stole the sandwich", or words to that effect.

40. Plaintiff did not know what was occurring.

41. Defendant's Security came out and explained what was going on.

42. Wildermuth asked to see the security footage to stand up for Plaintiff and prove that the sandwich was paid for, but Defendant's Security refused to let Wildermuth see the security footage.

**DEFENDANT TERMINATED PLAINTIFF**

43. Defendant's Security told Wildermuth to speak with the Store Manager.

44. Thereafter, Defendant's Security told Plaintiff that he was terminated from Defendant.

45. Plaintiff was 41 years old at the time of his termination.

46. Plaintiff was never asked what happened on the day in question, nor was an investigation conducted to confirm Plaintiff's word.

47. Just days prior to Plaintiff's termination, Defendant terminated another Deli Clerk, Russell Leary (50's), for allegedly being slow.

48. Upon information and belief, younger employees eat sandwiches and are not accused of theft without an investigation and termination.

49. Defendant discriminated against Plaintiff due to his age in violation of the ADEA and the PHRA.

50. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

**COUNT I – AGE DISCRIMINATION
AGE DISCRIMINATION IN EMPLOYMENT ACT**

51. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

52. Plaintiff was born in 1983.

53. Plaintiff was qualified to perform the job.

54. Defendant terminated Plaintiff.

55. Defendant treated younger employees more favorably than Plaintiff.

56. Defendant has no legitimate non-discriminatory reason for its actions.

57. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

6

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT II – AGE DISCRIMINATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

58. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

59. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his age.

60. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT III – AGE DISCRIMINATION**
**PHILADELPHIA FAIR PRACTICES ORDINANCE**

61. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

62. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his age.

63. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, DeKari Berry, requests that the Court grant him the following relief against Defendant:

    (a)    Compensatory damages;

7

(b)     Punitive damages;

(c)     Liquidated damages;

(d)     Emotional pain and suffering;

(e)     Reasonable attorneys' fees;

(f)     Recoverable costs;

(g)     Pre and post judgment interest;

(h)     An allowance to compensate for negative tax consequences;

(i)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADEA, the PHRA and the PFPO.

(j)     Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

8

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: May 4, 2026                      **By:**    */s/David M. Koller*
David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

9